FILED
2008 Apr-07  PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

BRENDA BLANKENSHIP,

        Plaintiff,

v.                                 CV-07-J-0740-IPJ

CITY OF RUSSELLVILLE and
CHAD SEARS, in his individual
capacity,

        Defendants.

### MEMORANDUM OPINION

Pending before the court are the defendants' separate Motions for Summary Judgment which move the court to grant summary judgment in their favor on all three of the plaintiff's claims (docs. 16 & 18). The defendants have filed separate briefs in support of their motions (docs. 17 & 19) along with evidentiary material (doc. 20). The plaintiff filed a single reply in opposition (doc. 24) to which the defendants filed a single response (doc. 27).

Also pending before the court are four motions filed by the parties in conjunction with the summary judgment submissions. The first two motions are the plaintiff's Motions in Opposition to Summary Judgment (docs. 21 & 22). The

third motion is the defendants' Motion for Extension of Time to file a response (doc. 25) and the fourth motion is the plaintiff's Motion to Accept the Plaintiff's Response (doc. 28).

Upon consideration of all of the parties' motions, evidentiary submissions, and written arguments, the court concludes that the defendants' Motions for Summary Judgment are due to be **GRANTED** on all counts as set out below.  As the court has considered all the filings by the parties regarding the defendants' Motions for Summary Judgment, the remaining motions are found **MOOT**.

### Factual Background

The plaintiff's two claims arise out of her employment with the City of Russellville ("COR").  The plaintiff, Brenda Blankenship, is a sixty-one year old white female who began working part-time for COR in 1992.  Blankenship dep. at 5, 11-13; Complaint at 2.  In 2004 the plaintiff became a full-time employee in the Parks and Recreation Department.  Blankenship dep. at 13.  Although the plaintiff's title was Secretary/Clerk at the time the events underlying this lawsuit occurred, she had acquired additional responsibilities such as bookkeeping, preparing time sheets, and computer work.  Blankenship dep. at 13-14.

In April of 2006 Sears, who is black, was hired by COR as the Parks and Recreation superintendent.  Blankenship dep. at 15.  Although there are no

specific incidences that the plaintiff can recall, the plaintiff believed that Sears did not like her.  Blankenship dep. at 16, 19-20.  She also complained that she did not know what Sears expected of her or how she was supposed to perform her job. Blankenship dep. at 20.

On August 7, 2006, the plaintiff and two other Parks and Recreation Department employees, Andy Devaney and Marcus Hill, spoke to the COR City Council about the way Sears treated the employees that he supervised. Blankenship dep. at 23.  Specifically, the plaintiff stated to the City Council that she felt intimidated by Sears and that Sears did not treat the employees in a professional manner.  Blankenship dep. at 24.  When asked whether she believed Sears' behavior was racially motivated, the plaintiff responded that she did not believe that was the case.  Blankenship dep. at 23.  The plaintiffs comments were made to the City Council in an executive session, which means that no one was in the room except for the City Council, the city attorney, and the mayor. Blankenship dep. at 26.

Two months after the City Council meeting on October 10, 2006, Sears informed the plaintiff that she was being transferred from the Ralph Bishop

Recreational Center to the Chuck E. Mullins Recreational Center.[1]  Blankenship

dep. at 35.  According to the plaintiff, Sears told her "You are an exceptional

secretary, take your timecard with you and report to the Mullins Center tomorrow

morning."  Blankenship dep. at 41.  The plaintiff says that when she reported to

the Mullins Center the following day she did not have an office, a computer, or a

telephone.  Blankenship dep. at 45-46.  In addition, the plaintiff says that she was

not given any instructions for her new assignment or any duties.  Blankenship dep.

at 41.

On November 9, 2006, the plaintiff filed a Charge of Discrimination with

the EEOC claiming retaliation discrimination.  Complaint at 3.  On March 20,

2007, the EEOC issued a Dismissal and Notice of Rights to plaintiff concerning

her claim.  Complaint at 3.

On April 23, 2007, the plaintiff filed this lawsuit seeking declaratory relief,

compensatory, and punitive damages against the defendants for the "Defendants'

retaliation against her for her opposition to an employment practice made unlawful

by Title VII of the Civil Rights Act of 1964 and from Defendants' violation of

rights guaranteed to Plaintiff under the First Amendment to the United States

---

[1]There are two recreation centers in COR - the Bishop Recreational Center and the
Mullins Recreational Center.  Blankenship dep. at 35.

Constitution, 42 U.S.C. 1983."  Complaint at 1-6.  The plaintiff asserts that her First Amendment rights were violated and that she was retaliated against by the COR and Chad Sears, COR's Parks and Recreation Superintendent and the plaintiff's supervisor, for complaining to the COR City Council about Sears' management style.  Complaint at 3-4.

## Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its

motion and identifying those portions of the pleadings or filings which it believes

demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The

burden then shifts to the nonmoving party to "go beyond the pleadings and by ...

affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

at 324 (quoting  Fed. R. Civ. P. 56(e)).  In meeting this burden the nonmoving

party "must do more than simply show that there is some metaphysical doubt as to

the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue

for trial."  Fed. R. Civ. P.  56(e); *Matsushita*, 475 U.S. at 587.

On motions for summary judgment, the court shall construe the evidence

and factual inferences arising therefrom in the light most favorable to the

nonmoving party.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The

substantive law will identify which facts are material and which are irrelevant.

*Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).  All reasonable doubts

about the facts and all justifiable inferences are resolved in favor of the

nonmovant.  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A

dispute is genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted.  *Id*. at 249-50.  The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-252.

## Discussion

The plaintiff's complaint contains two counts against the defendants. Complaint at 4-5.  The first count alleges that the defendants retaliated against the plaintiff by transferring her to the Mullins Recreation Center following her comments to the City Council.[2]  Complaint at 3-4.  The second count alleges that the defendants violated the plaintiff's First Amendment right to free speech by retaliating against her following her exercise of those rights before the City Council.  Complaint at 4-5.

*Count I: Retaliation*

In her brief in opposition to the defendants' motions for summary judgment, the plaintiff states that she does not oppose the entry of summary judgment on her

---

[2]The court notes that the first count actually states that the "Plaintiff's denial of selection for this position was the result of wrongful retaliation."  Complaint at 4.  However, there is no support in the Complaint or in the plaintiff's submissions in opposition to summary judgment that indicate that the plaintiff was passed over for a job.  Therefore, the court assumes that the plaintiff intended to allege that the defendants retaliated against her by transferring her to the Mullins Center.

Title VII claims (doc. 24 at 3) ("Plaintiff does not oppose summary deposition [sic] of her Title VII claims . . ."). The plaintiff's intention to abandon her Title VII claims is further evidenced by the fact that she fails to respond to the defendants' arguments on this issue. Because the plaintiff has abandoned her claim for retaliation against the defendants, summary judgment is due to be granted on Count I.

*Count II: First Amendment Retaliation*

    *I. Blankenship v. COR*

The plaintiff also concedes that COR can have no liability for the plaintiff's claim for First Amendment retaliation because the alleged retaliation at issue in this case was not the result of the acts of a "policymaker" necessary to impose liability on COR under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). (doc. 24 at 12) ("Plaintiff does not contest Defendant's [sic] analysis of the impact of *Monell* to the liability aspects of this case as to the City of Russellville.") Because the plaintiff has abandoned this claim as well, summary judgment is due to be granted on Count II with respect to COR.

*II. Blankenship v. Sears*

The only claim that the plaintiff has not abandoned is her First Amendment Retaliation claim brought pursuant to 42 U.S.C. § 1983 against Sears.  The plaintiff alleges that she was transferred to the Mullins Center in retaliation for the legitimate exercise of her First Amendment rights to free speech and association before the City Council.  Complaint at 4-5.

A governmental entity may not take an adverse employment action against a public employee in retaliation for speech protected under the First Amendment. *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989) (citing *Rankin v. McPherson*, 483 U.S. 378 (1987).  However, a public employee's right to freedom of speech is not absolute.  *Id.*  The plaintiff's speech is constitutionally protected only if it satisfies both elements of the test set forth in *Pickering v. Board of Education*, 391 U.S. 563 (1968), and refined in *Connick v. Myers*, 461 U.S. 138 (1983) (the " Pickering-Connick test"): (1) as a threshold matter, the speech must be "fairly characterized as constituting speech on a matter of public concern," *Connick*, 461 U.S. at 146; and (2) her First Amendment interests in commenting on matters of public concern must outweigh the government's interests, "'as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Connick*, 461 U.S. at 142 (quoting *Pickering*,

9

391 U.S. at 568).  Thus, to establish a constitutional violation, the plaintiff's

speech must satisfy both elements of the *Pickering-Connick* test.

Accordingly, the threshold question is whether the plaintiff's remarks to the

City Council can be "fairly characterized as constituting speech on a matter of

public concern." *Connick*, 461 U.S. at 146.  "This question is one of law, not of

fact." *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1297 (11th Cir.

1998) (citing *Connick*, 461 U.S. at 148 n. 7).  If the government employee speaks

"not as a citizen upon matters of public concern, but instead as an employee upon

matters only of personal interest, absent the most unusual circumstances, a federal

court is not the appropriate forum in which to review the wisdom of a personnel

decision taken by a public agency allegedly in reaction to the employee's

behavior." *Connick*, 461 U.S. at 147.

Therefore, the key question is whether the plaintiff spoke primarily as a

citizen on behalf of the public or primarily as an employee upon matters of

personal interest.  *See Connick*, 461 U.S. at 147; *Morgan v. Ford*, 6 F.3d 750, 754

(11th Cir. 1993).  In *Morgan*, the plaintiff alleged that the defendants had abridged

her First Amendment right to free speech after she complained about incidences of

sexual harassment by her supervisor.  *Morgan*, 6 F.3d at 751.  The Eleventh

Circuit Court of Appeals agreed with the plaintiff that "sexual harassment in the

10

workplace is a matter of important social interest." *Id*. at 754.  However, the Court affirmed the district court's grant of summary judgment finding that the plaintiff's "speech was driven by her own entirely rational self-interest in improving the conditions of her employment. Her complaints about [her supervisor's] behavior, as serious as they were, centered around her private matters, not matters of social interest.  As an employee grievance, [the plaintiff's] speech was not a matter of public concern." *Id*. at 755.  In addition, the fact that the plaintiff's speech also concerned the plight of a co-worker did not transform the speech into a matter of public concern.  *Id*. at 755 ("While [the plaintiff] did speak about her co-worker's plight, which contains a public concern aspect, the main thrust of her speech took the form of a private employee grievance." (Internal citations omitted)).

By contrast, in *Rodin v. City of Coral Springs, Florida*, 229 Fed. Appx. 849 (11th Cir. 2007), the Eleventh Circuit held that a firefighter's speech was protected, as it addressed matters of public concern.  In *Rodin*, the plaintiff was a volunteer firefighter who was suspended after he complained to city officials about the city's plan to convert from a volunteer fire department to a paid fire department.  *Id*. at 850-51.  While the plaintiff's remarks concerned issues that were purely private in nature, the remarks also concerned a paid fire department's ability to adequately serve the public.  *Id*. at 853-54. Therefore, the court found

11

that the plaintiff's comments addressed a matter of public concern.  *Id*.

The court is of the opinion that summary judgment is due to be granted on the plaintiff's claim for First Amendment retaliation against Sears because there is no evidence that the plaintiff was speaking as a citizen on behalf of the public interest.  *See Connick*, 461 U.S. at 147-48.  Rather, it is clear from the parties' submissions that the plaintiff was speaking as an employee upon matters of personal interest.  *Id*.  The plaintiff admitted as much in her deposition:

> Q: So, essentially, you were complaining to the City
> Council about your working conditions?
> A: Yes.

Blankenship dep. at 24.  Unlike the plaintiff in *Rodin*, Ms. Blankenship never expressed concern about the Parks and Recreation Department's ability to serve the public.  Her only concern, which was an entirely rational one, was improving her and her fellow employees' current employment situation.  As the Eleventh Circuit held in *Morgan*, this is not enough to elevate the plaintiff's speech to a matter of public concern.  Therefore, summary judgment is due to be granted on the plaintiff's claim for First Amendment Retaliation against Sears.

## Conclusion

Having considered the foregoing, and being of the opinion the defendants

are entitled to judgment in their favor as a matter of law, it is therefore

**ORDERED** by the court that the defendants' Motions for Summary Judgment are

**GRANTED**, the court finding no genuine issues of material fact remain.

   **DONE** and **ORDERED** this the 7th day of April 2008.


_____
   INGE PRYTZ JOHNSON
   U.S. DISTRICT JUDGE

13